**The STATE of North Dakota,
Plaintiff-Appellee,**

v.

**Greg SWANSON, Defendant-Appellant.**

**Cr. No. 493.**

Supreme Court of North Dakota.

Dec. 20, 1974.

Rehearing Denied Jan. 30, 1975.

Daniel J. Chapman, Bismarck, for defendant-appellant.

Dennis A. Schneider, State's Atty., Bismarck, for plaintiff-appellee.

JOHNSON, Judge.

Greg Swanson appeals his conviction of assault from the Burleigh County Court of Increased Jurisdiction. Mr. Swanson was charged with two counts of assault and battery, one against Mr. Thomas Winter and one against Mrs. Thomas Winter, occurring in the city of Bismarck on April 11, 1974. The incident in question took place outside the apartment house where the Winters lived and where Swanson was visiting the sister of his fiancee. Mr. and Mrs. Winter claim that Swanson was making obscene gestures and called Mrs. Winter obscene names while they were in their apartment and he was outside on sidewalk.

An altercation resulted when they went out to confront him. Swanson claims only to have waved at the Winters, and says that he struck Mr. Winter only after he was grabbed and shaken by Mr. Winter.

Swanson urges that his conviction be set aside on several grounds:

(1) That the jury's verdict is legally inconsistent;

(2) That the offer of Swanson to take a polygraph or "lie detector" test should have been admitted in evidence; and

(3) That Swanson was improperly questioned concerning prior criminal convictions.

▪ Defendant's counsel argues that acquittal on charges of "assault and battery," as set forth in the complaint, is inconsistent with a conviction of "assault" as to one of these counts. The trial court instructed the jury that if it had reasonable doubt as to assault and battery it might consider the lesser included offense of assault. A battery is any willful and unlawful use of force or violence upon the person of another. Section 12–26–02, N.D.C.C. An assault is a willful and unlawful offer or attempt to use force or violence on the person of another. Section 12–26–01, N.D. C.C. It is basic hornbook law that every battery is, in effect, a consummated assault. See Perkins on Criminal Law, p. 79. However, there is potential for two separate offenses. One may make an unlawful offer or attempt to do violence to another, constituting an assault, without committing a battery. The common use of the term "assault and battery" as a single offense is technically incorrect, but it enjoys general acceptance and has been incorporated into certain statutory references. See, e. g., Section 12–26–04, N.D.C.C.

▪ The trial court in this case instructed the jury concerning the elements of the "assault and battery" charged in the complaint, and these elements were essentially the statutory elements of battery.

The court also instructed on the lesser included offense of assault and this incorporated the statutory elements of that offense. The jury may well have found that there was an unlawful offer or threat to use force but that the subsequent use of force was justified on the basis of self-defense. In any event, strict standards of logical consistency need not be applied to jury verdicts in criminal cases. As the Wisconsin Supreme Court recently observed:

"[L]ogical consistency in the verdict as between the several counts in a criminal information is not required. The verdict will be upheld despite the fact that the counts of which the defendant was convicted cannot be logically reconciled with the counts of which the defendant was acquitted.

\* \* \* \* \* \*

" \* \* \* [I]t is conceded that juries have historically exercised a sense of lenity in criminal matters \* \* \* and have granted numerous defendants clemency for crimes which they have committed and which the evidence is sufficient to sustain. Such is especially true today in light of prosecutorial practice to charge the defendant with all possible crimes arising from a specific transaction in hopes that the jury will convict on some, if not all." State v. Mills, 62 Wis.2d 186, 191, 214 N.W.2d 456, 458 (1974).

See also Annotation, 18 A.L.R.3d 259; Annotation, 16 A.L.R.3d 866. We do not find the verdict to be legally inconsistent.

■ The defendant in this case sought to introduce evidence of his willingness to take a polygraph or "lie detector" test. The trial court refused to accept such evidence. We are urged to overrule our decision in the case of State v. Pusch, 77 N.D. 860, 46 N.W.2d 508 (1951), and accept the results of polygraph testing in criminal proceedings. Since 1923, in the case of Frye v. United States, 54 App.D.C. 46, 293 F. 1013 (1923), the courts have been reluctant to allow the results of such testing to be introduced in judicial proceedings. This form of scientific or expert evidence has been subjected to special scrutiny because it lies close to the heart of the trial process. A great multitude of judicial proceedings—both civil and criminal—are decided upon questions of credibility of individual witnesses and their testimony. The bulk of the criticism of the polygraph relates to reliability of the instrument, lack of standards for the operator, and fear that the results may be given undue weight by a jury. See, e. g., The Emergence of the Polygraph at Trial, 73 Colum.L.Rev. 1120 (1973).

There has been some evidence of a breach in the wall of judicial opposition to utilizing this device. See State v. Stanislawski, 62 Wis.2d 730, 216 N.W.2d 8 (1974); United States v. Ridling, 350 F.Supp. 90 (E.D.Mich. 1972); United States v. Zeiger, 350 F.Supp. 685 (D.C.1972), reversed per curiam, 155 U.S.App.D.C. 11, 475 F.2d 1280 (1972). But see, People v. Thornton, 11 Cal.3d 738, 114 Cal.Rptr. 467, 523 P.2d 267 (1974); State v. Woo, 84 Wash.2d 472, 527 P.2d 271 (1974). However, these few cases have utilized a very restricted application for polygraph test results.

This court may be required to re-examine its decision in State v. Pusch, supra, if presented with an appropriate record. Such a record is not present in this case. There was no actual test made of this defendant, he merely offered to take such a test. There was little evidence offered concerning the scientific reliability and acceptance of the polygraph or the qualifications of its proposed operator. The testimony of the officer called to explain the proposed test indicated that the polygraph would be inconclusive in a case of this type.

■ The defendant has raised objection on appeal to the State's cross-examination of him with regard to certain prior criminal convictions. There was no objection to this testimony below. The trial court was not given an opportunity to rule on this matter and the objection must be considered

waived. See State v. Bragg, 221 N.W.2d 793 (N.D.1974). The judgment is affirmed.

ERICKSTAD, C. J., and KNUDSON, PAULSON and VOGEL, JJ., concur.