**CITY OF BISMARCK, Plaintiff and Appellee,**

v.

**Leonard BERGER, Defendant and Appellant.**

**Crim. No. 900255CA.**

Court of Appeals of North Dakota.

Feb. 4, 1991.

Paul H. Fraase (argued), Asst. City Atty., Bismarck, for plaintiff and appellee.

Ralph A. Vinje (argued), Bismarck, for defendant and appellant.

JOEL D. MEDD, District Judge.

Leonard Berger has appealed from the judgment of conviction entered on a jury verdict finding him guilty of driving while under the influence of alcohol in violation of a city ordinance. We affirm.

Following a motor vehicle accident, Berger was arrested for driving under the influence. At trial, Berger and two other defense witnesses testified that Berger had not been driving. The jury found Berger guilty.

■ On appeal from the judgment of conviction, Berger contends that the trial court erred in excluding evidence that he and his defense witnesses had offered to take polygraph tests. Berger also contends that the evidence is insufficient to sustain his conviction.

"It has generally been held improper to admit evidence that an accused had been willing or unwilling to take a lie detector test." Annotation, *Propriety and prejudicial effect of comment or evidence as to accused's willingness to take lie detector test*, 95 A.L.R.2d 819, 821 (1964). In *State v. Pusch*, 77 N.D. 860, 46 N.W.2d 508 (1950), our supreme court held that the results of a defendant's polygraph test are inadmissible on his behalf in a criminal proceeding. In *State v. Swanson*, 225 N.W.2d 283 (N.D.1974), the defendant contended that his offer to take a polygraph test should have been admitted in evidence and urged the supreme court to overrule *State v. Pusch, supra,* and accept the re-

sults of the polygraph tests in criminal proceedings. The supreme court affirmed Swanson's conviction after observing: "There was no actual test made of this defendant, he merely offered to take such a test. There was little evidence offered concerning the scientific reliability and acceptance of the polygraph or the qualifications of its proposed operator." *State v. Swanson, supra,* 225 N.W.2d at 285. In summarizing its polygraph decisions in *Healy v. Healy,* 397 N.W.2d 71, 74 n. 1 (N.D. 1986), the supreme court noted that a trial court must consider polygraph test results in ruling on a motion for new trial when the prosecution and the defense have stipulated to their admissibility. In *State v. Newnam,* 409 N.W.2d 79 (N.D.1987), the supreme court held that the trial court did not abuse its discretion in excluding the results of polygraph tests where the defendant did not offer any evidence on the reliability of polygraph tests. Thus, our supreme court has consistently indicated that unless the parties stipulate to their admissibility, polygraph test results are inadmissible in criminal trials in this state, at least without evidence of the scientific reliability and acceptance of the results of polygraph examinations.

Here, the prosecution and the defense did not stipulate to the admissibility of polygraph test results, there was no evidence of the scientific reliability and acceptance of the results of polygraph examinations, and no polygraph tests were actually performed on Berger or his witnesses. Under these circumstances, we believe that evidence of an uncompleted offer by the defendant and his witnesses to take polygraph tests, the results of which would be inadmissible, is irrelevant. We therefore conclude that the trial court did not abuse its discretion in excluding the proffered evidence.

■ Berger also contends that the evidence is insufficient to sustain his conviction. "In challenging the sufficiency of the evidence, the defendant must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt." *City of Grand Forks v. Cameron,* 435 N.W.2d 700, 702 (N.D.1989). Berger has conceded that he

was under the influence of alcohol at the time of his arrest, that he told the investigating officer at the scene of the accident that he was driving, that the driver of the other vehicle involved in the accident testified that Berger was driving, and that he owned the vehicle and was present. From our review of the record, we conclude that the evidence, when viewed in the light most favorable to the verdict, is sufficient to sustain Berger's conviction.

Affirmed.

MAURICE R. HUNKE, District Judge, and DOUGLAS B. HEEN, Surrogate Judge.