**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Clayton Eugene MORAN, Defendant and Appellant.**

**Cr. No. 900423.**

Supreme Court of North Dakota.

Aug. 16, 1991.

Dennis Edward Johnson, State's Atty., Watford City, for plaintiff and appellee.

Anseth & Zander, Williston, for defendant and appellant; argued by Janet Holter Zander, Williston.

MESCHKE, Justice.

Clayton Eugene Moran appeals from a jury conviction and criminal sentence for the class C felony of violating NDCC 62.1–02–01(2) by unlawful possession of a firearm by a convicted felon. We affirm.

The parties have agreed on the facts for this appeal. On August 29, 1990, Moran, a convicted felon on probation, and his brother, Michael, got into an argument in the living room of Moran's home in Alexander. A fight ensued and Michael inflicted numerous blows on Moran with his fists. Moran managed to leave the living room and go to his bedroom. Michael followed. What occurred there is disputed, but while in the bedroom, Moran shot Michael in the stomach with a gun. Michael survived.

Moran was charged with aggravated assault and unlawful possession of a firearm by a convicted felon. The trial court instructed the jury that self defense was a defense to both charges. The jury acquitted Moran on the aggravated assault charge, but convicted him of unlawful possession of a firearm. The trial court sentenced Moran to serve two years at the State Penitentiary. Moran appealed.

Moran argues that because the jury, by its verdict of acquittal on the aggravated assault charge, must have determined that he used the gun in self defense, the jury should also have acquitted him of unlawful possession of a firearm on the basis of self defense. Although the parties used much of their appellate briefs to argue the propriety of the trial court instructing the jury that self defense is a defense to a charge of unlawful possession of a firearm, we need not decide that question. Rather, we conclude that there is no inconsistency between the verdicts.

"[S]trict standards of logical consistency need not be applied to jury verdicts in criminal cases." *State v. Swanson*, 225 N.W.2d 283, 285 (N.D.1974). Here, Michael testified that the gun Moran used belonged to Moran. Michael also testified that he did not bring the gun into the house. The jury thus heard evidence that Moran owned the gun that he used to shoot Michael and that the gun was in Moran's own bedroom in his own home. This is substantial evidence showing that Moran knowingly possessed the gun prior to the altercation with Michael. Therefore, there is no logical inconsistency in the verdicts.

Moran argues that the trial court erred in refusing to allow the jury to hear evidence that Michael struck his mother with a gun in 1984. Moran contends that this evidence was admissible under NDREv 609(a)(ii), which allows admission of evidence that a witness has been convicted of a crime involving "dishonesty or false statement." However, Rule 609 is inapplicable because Michael was never convicted of a crime for hitting his mother with a gun. Even if we assume that this evidence was admissible under some other rule of evidence like NDREv 608, mere accusations of a crime cannot be used to impeach the credibility of a witness. *State v. Hilsman*, 333 N.W.2d 411, 412 (N.D.1983). Moreover, the admission of a specific instance of conduct to attack the credibility of a witness under Rule 608, other than conviction of a crime, is left to the sound discretion of the trial judge, who must also determine whether other considerations outweigh the probative value of that evidence under NDREv 403. *See State v. Padgett*, 410 N.W.2d 143, 148 (N.D.1987);

*United States v. Bedonie,* 913 F.2d 782, 802 (10th Cir.1990). The trial court reasoned: "To go into the life histories of both and all of the incidents along these lines that may or may not have occurred would be utterly issue confusing. And I have the feeling that ordinarily the balance between probative value and untoward prejudice likewise mandate exclusion.... [T]hese matters not only take up unnecessary time, but confuse if not mislead the jury...." The trial court did not abuse its discretion in disallowing this evidence.

Moran also argues that the trial court abused its discretion in sentencing him to two years at the State Penitentiary. "A trial judge is allowed the widest possible range of discretion in fixing criminal sentences." *State v. Warmsbecker,* 466 N.W.2d 105, 110 (N.D.1991). We have no power to review the discretion of a sentencing court in fixing a term of imprisonment within the range authorized by statute; rather, we are confined to determining whether the judge acted within the limits prescribed by statute, or substantially relied on an impermissible factor. *State v. Ennis,* 464 N.W.2d 378, 382 (N.D.1990). Moran contends that the trial court relied on an impermissible factor in this case.

Moran's probation officer wrote a letter to the court advising that he would be unable to appear at the sentencing hearing because he would be attending a funeral on that day. The probation officer wrote that Moran "has not taken his probation seriously as imposed by the Court" and recommended that Moran "be sentenced to the North Dakota State Penitentiary as a portion of his punishment." At the sentencing hearing, the trial court denied Moran's motion that the letter be stricken from the record. The trial court ultimately determined that Moran "is in need of correctional treatment which can most effectively be provided if he is placed in total confinement." Moran argues that the trial court's acceptance and consideration of the letter violated his right to confront the witnesses against him under NDCC 29–01–06(3), and, thus, constituted reliance on an impermissible factor in sentencing. We disagree.

Neither the Sixth Amendment nor NDCC 29–26–18 requires that a defendant be permitted to cross-examine the person who prepares a parole or probation report. *See Williams v. People of State of New York,* 337 U.S. 241, 251–252, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949); *People v. Arbuckle,* 22 Cal.3d 749, 150 Cal.Rptr. 778, 781, 587 P.2d 220, 223 (1978). *See also Williams v. State of Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959). Also, Moran received a copy of the letter. He did not subpoena the probation officer to appear as a witness, nor did he request a continuance of the hearing until the probation officer could be present. "In our adversary system if a witness is necessary to a proper presentation of a defendant's case then the defendant should see that the witness is called." *State v. Henderson,* 156 N.W.2d 700, 707 (N.D.1968). This record shows that Moran was given full opportunity to, and did, present evidence challenging the probation officer's statement that Moran did not take "his probation seriously...." We conclude that Moran has not established that the trial court relied on an impermissible factor in sentencing him to imprisonment.

The conviction and sentence are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and LEVINE, JJ., concur.