2003 ND 36

**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Joseph Paul JAHNER, Defendant and Appellant.**

No. 20020143.

Supreme Court of North Dakota.

March 5, 2003.

Ladd R. Erickson, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Chad R. McCabe, Vinje Law Firm, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Joseph Paul Jahner ("Jahner") appeals from a criminal judgment entered upon a jury verdict finding him guilty of negligent homicide, reckless endangerment, and driving while under the influence of intoxicating liquor. We conclude Jahner waived his right to object to the trial court's procedure in responding to the jury's request, during deliberations, for a transcript of Jahner's testimony; the trial court did not err in refusing to instruct the jury on the definition of proof beyond a reasonable doubt; and the jury verdict is not legally inconsistent. We affirm.

I

[¶ 2] On December 22, 2000, David Smith, Jr. ("Smith") was killed in a vehicle crash and four other people, including Jahner, were injured. The State alleges Jahner was driving the vehicle at the time of the accident. Jahner contends he was seated in the front passenger's seat of the vehicle. Jahner concedes he was under the influence of alcohol at the time of the accident. Jahner was charged with manslaughter, in violation of N.D.C.C. § 12.1–16–02, for recklessly causing the death of

Smith; reckless endangerment, in violation of N.D.C.C. § 12.1–17–03, for recklessly endangering the lives of the other three passengers and the public; and driving under the influence of intoxicating liquor, in violation of N.D.C.C. § 39–08–01.

[¶ 3] Prior to trial, the State requested the jury be instructed with the pattern jury instruction on proof beyond a reasonable doubt. The trial court decided the definition of proof beyond a reasonable doubt would not be given unless the jury asked a question about it during deliberations. On March 12 and 13, 2002, trial was held. While the jury was deliberating, the jurors requested the transcript of Jahner's testimony. In reply to an inquiry from the court the jury indicated they were "in disagreement about Mr. Jahner's memory and the period of time that the memory loss included." The trial court and counsel for both parties agreed to respond to the jury's request with a note instructing the jury to rely on their recollection of the testimony to resolve the disagreement. On March 13, 2002, a jury found Jahner not guilty of manslaughter; guilty of the lesser-included offense of negligent homicide; guilty of reckless endangerment; and guilty of driving while under the influence of intoxicating liquor.

[¶ 4] Jahner appealed from the judgment arguing the trial court erred by failing to provide a full transcript of Jahner's testimony after the jury requested it and by refusing to include the definition of proof beyond a reasonable doubt in the jury instructions. Jahner also argues the conviction for reckless endangerment should be reversed because the jury returned an inconsistent verdict.

## II

[¶ 5] Jahner argues the trial court erred under N.D.C.C. § 29–22–05, by failing to provide to the jury the transcript of Jahner's testimony after the jurors requested it during deliberations.

[¶ 6] Section 29–22–05, N.D.C.C., provides:

After the jurors have retired for deliberation, if they desire to be informed on a point of law arising in the case, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or his counsel, or after they have been called.

After a case has been submitted to the jury, N.D.C.C. § 29–22–05 "unequivocally directs the testimony [requested by the jury] be given at the jury's request." *State v. Hartsoch,* 329 N.W.2d 367, 372 (N.D.1983). However, to save time and avoid confusion, a trial court may request the jury to specify the testimony it desires to rehear. *State v. Christensen,* 1997 ND 57, ¶ 11, 561 N.W.2d 631.

[¶ 7] In this case, the jury sent a note to the court requesting "Transcript of Joseph Jahner testimony." The court convened in the courtroom outside the presence of the jury. The court discussed N.D.C.C. § 29–22–05 and stated:

I'm open to suggestions but my intention would be to inform the jurors that if they have a specific question or disagreement about a portion of the testimony, that we can have that read back to them-or I don't know, Lisa, how you do it, if you play it for them or what you would do but in any event-and otherwise, the entire repeat of his whole testimony wouldn't-any problem with that [?]

Defense counsel responded his "preference would be perhaps to put a question to

them. Do you have a specific disagreement?" and "maybe even ask with regard to what or something like that so we can get some feeling back from them." The court and the State agreed with defense counsel's approach and sent the following question to the jury: "Do you have a doubt or disagreement over a specific part of Mr. Jahner's testimony. If so, what doubt or disagreement do you have?" The jury responded "[w]e are in disagreement about Mr. Jahner's memory and the period of time that the memory loss included." After some discussion, the court and counsel for both parties agreed the response to the jury would be: "You are to rely on your recollection of the testimony to resolve the disagreement." Defense counsel stated this response was "acceptable to the defense."

[¶ 8] N.D.C.C. § 29–22–05 confers a statutory right upon a defendant to have the jury brought into the courtroom and to have the information requested by the jury given to it. *See State v. Ash,* 526 N.W.2d 473, 484 (N.D.1995) (Neumann, J., concurring specially) (noting a defendant's right under N.D.C.C. § 29–22–05 to have all responses to jury questions be given to the jurors in the courtroom is a statutory right). Statutory rights may be waived by the party entitled to the benefit unless a waiver would be against public policy or the statute declares or implies there cannot be a waiver. *Brunsoman v. Scarlett,* 465 N.W.2d 162, 167 (N.D.1991).

[¶ 9] Litigants seeking "to take advantage of irregularities occurring during the course of a trial, either on the part of the court, the jury, the adverse parties, or anyone acting for or on their behalf, ... must do so at the time the irregularities occur, in order that the court may take appropriate action, if possible, to remedy any prejudice." *Leake v. Hagert,* 175 N.W.2d 675, 690 (N.D.1970). As a general

rule, "[o]ne who fails to raise an appropriate objection at the trial court level waives [the] right and cannot raise the issue for the first time on appeal." *State v. Palmer,* 2002 ND 5, ¶ 8, 638 N.W.2d 18. "[T]he doctrine of waiver is applicable to all rights and privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution, provided such rights and privileges rest in the individual who has waived them and are intended for his benefit." *Gajewski v. Bratcher,* 221 N.W.2d 614, 628 (N.D.1974).

[¶ 10] Jahner's attorney had the opportunity but failed to object to the trial court's procedure in responding to the jury's request. While N.D.C.C. § 29–22–05 directs that the trial court should have provided Jahner's testimony to the jury at its request, Jahner's attorney did not object and approved the court's response to the jury's request. We conclude Jahner waived his right to claim error for the trial court's procedure in responding to the jury's request.

### III

[¶ 11] Jahner argues the trial court committed reversible error by denying the State's request, upon which Jahner relied, to instruct the jury on the definition of reasonable doubt. Alternatively, Jahner argues the trial court committed obvious error by failing to include the definition of proof beyond a reasonable doubt in the jury instructions.

[¶ 12] N.D.R.Crim.P. 30 describes the procedure for requesting and objecting to jury instructions. Under N.D.R.Crim.P. 30(c), counsel must designate the jury instructions that are objectionable and only those instructions so designated are deemed excepted by counsel. *State v. Olander,* 1998 ND 50, ¶ 9, 575 N.W.2d 658. " 'An attorney's failure to

object at trial to instructions, when given the opportunity, operates as a waiver of the right to complain on appeal of instructions that either were or were not given.'" *Id.* at ¶ 10 (quoting *State v. Johnson,* 379 N.W.2d 291, 292 (N.D.1986)). Because Jahner's attorney did not object at trial to the court's refusal to instruct the jury on the definition of proof beyond a reasonable doubt when he was given the opportunity, we conclude Jahner waived his right to complain on appeal about the jury instructions. Thus, our inquiry is limited to determining if the alleged error constitutes obvious error affecting the substantial rights of the defendant. *State v. Murphy,* 527 N.W.2d 254, 255 (N.D.1995).

[¶ 13] "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *Olander,* 1998 ND 50, ¶ 18, 575 N.W.2d 658. We review jury instructions as a whole and consider whether they correctly advise the jury on the law. *Id.* The United States Supreme Court has stated "[t]he beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.* (citations omitted).

[¶ 14] "This [C]ourt has long recognized the difficulty in defining reasonable doubt and has neither required nor prohibited" a definition on reasonable doubt. *State v. Schneider,* 550 N.W.2d 405, 408 (N.D.1996). We have concluded, however,

reversible error results if a court gives a jury instruction on reasonable doubt and the language in the instruction is contrary to the law. *State v. Azure,* 525 N.W.2d 654, 659 (N.D.1994).

[¶ 15] In this case, the jury was instructed the burden of proof rests on the State, and the State satisfies its burden only if the evidence proves to the jury's satisfaction the essential elements of each offense charged beyond a reasonable doubt. We conclude the trial court's instructions, as a whole, correctly and adequately advised the jury of the law. The trial court was not required to and did not err when it refused to instruct the jury on the definition of proof beyond a reasonable doubt.

## IV

[¶ 16] Jahner argues the conviction for reckless endangerment should be reversed and the count dismissed from the indictment because the jury verdict is repugnant. Jahner asserts that since the jury acquitted him on the charge of manslaughter, it rejected the notion he was reckless; therefore, the verdict finding him guilty of reckless endangerment is inconsistent and repugnant.

[¶ 17] Jahner argues the jury verdict in this case is repugnant. Some courts have attempted to distinguish "inconsistency" from "repugnancy" in verdicts containing multiple counts. *See* Steven T. Wax, *Inconsistent and Repugnant Verdicts in Criminal Trials,* 24 N.Y.L.Sch. L.Rev. 713, 716 (1979). However, this Court's standard for reconciling a jury verdict is whether the verdict is legally inconsistent. *See State v. Swanson,* 225 N.W.2d 283, 285 (N.D.1974). Therefore, we will examine Jahner's argument under our standard of legal inconsistency.

[¶ 18] In this case, Jahner was charged in Count 1 with manslaughter for "[r]ecklessly causing the death of another human being, namely David Smith, Jr., by operating a motor vehicle while under the influence of intoxicating liquor, with a blood alcohol level well in excess of the legal limit, and with extreme speed in a reduced speed zone." The jury was also instructed on the lesser-included offense of negligent homicide for the crime of manslaughter. Jahner was charged in Count 2 with reckless endangerment for "recklessly endanger[ing] the lives of the three (3) other passengers and the public by operating a motor vehicle while under the influence of intoxicating liquor, with a blood alcohol level well in excess of the legal limit, and with extreme speed in a reduced speed zone." The jury acquitted Jahner of manslaughter, found him guilty of the lesser-included offense of negligent homicide, and guilty of reckless endangerment.

[¶ 19] "[S]trict standards of logical consistency need not be applied to jury verdicts in criminal cases." *Swanson*, at 285. "Reconciliation of a verdict, therefore, includes an examination of both the law of the case and the evidence in order to determine whether the verdict is logical and probable and thus consistent, or whether it is perverse and clearly contrary to the evidence." *Barta v. Hinds*, 1998 ND 104, ¶ 6, 578 N.W.2d 553 (internal quotations omitted). Under N.D.C.C. § 12.1–16–02, the required culpability for the offense of manslaughter is recklessly; recklessly is also the culpability required for the offense of reckless endangerment under N.D.C.C. § 12.1–17–03. *State v. Hanson*, 256 N.W.2d 364, 367 (N.D.1977). In this case, the apparent inconsistency to be reconciled is whether it is legally inconsistent for the jury to acquit Jahner of manslaughter and find Jahner guilty of reckless endangerment because both of-

fenses require the same level of culpability. In *State v. Moran*, 474 N.W.2d 77, 78 (N.D.1991), we addressed inconsistency in a jury verdict which acquitted the defendant on the charge of aggravated assault but convicted the defendant of unlawful possession of a firearm. The defendant, in *Moran*, "argue[d] that because the jury, by its verdict of acquittal on the aggravated assault charge, must have determined that he used the gun in self defense, the jury should also have acquitted him of unlawful possession of a firearm on the basis of self defense." *Id.* This Court concluded there was substantial evidence showing the defendant knowingly possessed the gun prior to the altercation; therefore, there is no inconsistency in the verdicts. *Id.*

[¶ 20] Applying the analysis in *Moran*, we examine each charge separately and analyze if the evidence supports the conviction to determine if the jury returned an inconsistent verdict. In this case, Jahner was charged with manslaughter for the death of Smith and reckless endangerment for endangering the public and the lives of the three other passengers in the vehicle. The level of culpability for an offense is analyzed at the time a person engaged in the conduct which constituted an offense. *See* N.D.C.C. §§ 12.1–02–01 and 12.1–02–02(1). In this case, the evidence permits the jury to find the culpability level related to the death of one passenger different from the culpability level determined for the period prior to the death when the passengers asked Jahner to slow down. One of the passengers in the car testified that prior to the accident the passengers were hollering at Jahner, who was driving the vehicle, to slow down but he would not listen.

[¶ 21] "The tasks of weighing the evidence and judging the credibility of witnesses belong to the jury." *State v. Purdy*, 491 N.W.2d 402, 410 (N.D.1992).

We will not second-guess why the jury acquitted Jahner of manslaughter. *See Purdy,* at 410 (stating "this [C]ourt must assume that the jury believed the evidence which supports the verdict and disbelieved any contrary evidence."); *see also Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 76 L.Ed. 356 (1932) (concluding jury verdicts will not be upset by speculation). Even if a jury fails to convict a defendant on a charge having a similar element to a charge on which the defendant is convicted, there is no legal inconsistency if there is substantial evidence to support the charge on which he is convicted. Thus, we conclude, as we did in *Moran,* there is no inconsistency in a verdict in which there is substantial evidence establishing the defendant committed reckless endangerment, even though the jury found the defendant not guilty of manslaughter which also has the element of recklessness. Because the evidence supports the jury's finding that Jahner recklessly endangered the lives of the passengers prior to the death of Smith, we conclude the verdict is supported by the evidence and it is not legally inconsistent.

## V

[¶ 22] We conclude Jahner waived his right to object to the trial court's procedure in responding to the jury's request for testimony; the trial court did not err when it refused to instruct the jury on the definition of proof beyond a reasonable doubt; and the jury verdict is not legally inconsistent. The judgment of the trial court is affirmed.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.