2006 ND 246

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Kenneth Albin JACOB, Jr., Defendant and Appellant.**

**No. 20060103.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Mark R. Boening (argued), Assistant State's Attorney, Fargo, N.D., and Christene Beaupre, third-year law student, appearing under the Rule on the Limited Practice of Law by Law Students, for plaintiff and appellee.

Steven D. Mottinger, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Kenneth Jacob, Jr., appeals after a jury found him guilty of leaving the scene of an accident involving death, a class B felony. Concluding it is legally and factually possible for a jury to find Jacob not guilty beyond a reasonable doubt of negligent homicide and guilty beyond a reasonable doubt of leaving the scene of an accident involving death, we affirm.

I

[¶ 2] Jacob, who has nearly 20 years of trucking experience, testified that he was driving a semi-tractor trailer from western North Dakota to his home in Minnesota when he stopped to see his brother at a Fargo tavern at about 11 p.m. on a Friday night in June. Jacob testified that he parked his truck in a lot across the street from the bar, locked both the driver and passenger doors, urinated "out behind the rear tires," and then walked across the street into the bar. Two witnesses sitting in a van in the bar's parking lot testified they noticed Jacob get out of his truck, go around the front of the truck to the passenger side, bend down, and then go into the bar. The witnesses testified they noticed this activity because they had been watching another man, obviously drunk, stagger about and eventually disappear behind Jacob's truck. The two witnesses testified that when Jacob emerged from the bar, having stayed inside only five minutes, he looked toward the back of his truck and yelled something. One witness characterized it as an "angry yell." Jacob testified that he then got into his truck, shifted and "got locked in reverse by accident," backed up several feet—the trailer rocked—and then drove immediately from the scene. Jacob testified the truck was old and the transmission was "sloppy." Jacob testified that when he got the truck

moving forward he also "felt the trailer rock again a little bit back there ... [and] assume[d][he] went through a hole or over a small bump in the lot." The witnesses testified that after Jacob pulled away, they saw a man, later identified as Stephen Nelson, lying in the parking lot where Jacob's truck had been parked. An autopsy revealed that Nelson died from multiple blunt force injuries due to a pedestrian-motor vehicle collision and that the man had a blood-alcohol content of 0.42 percent. Another witness testified that he saw Jacob's truck, which had "no lights on at all," speeding away on a road heading east away from Fargo. That witness later notified police about seeing a truck matching the description given by a news bulletin of a truck possibly involved in the killing of a man at a Fargo bar's parking lot. Jacob testified that he had been having electrical problems with his truck and that when his headlights completely failed, he stopped at an abandoned truck stop to spend the night. Jacob testified that he arrived at his place of employment later that Saturday and pressure-washed his truck as company policy required. Four days later, Fargo police arrested Jacob at a construction site in Cass County.

[¶ 3] Jacob was charged with murder, a class AA felony, and leaving the scene of an accident involving death, a class B felony. At the close of the State's case, Jacob moved for a judgment of acquittal under N.D.R.Crim.P. 29, which the district court denied. A jury found Jacob not guilty of both murder and the lesser included offense of negligent homicide, but guilty of leaving the scene of an accident involving death. Jacob moved for a new trial under N.D.R.Crim.P. 33(c), contending the evidence at trial was inconsistent with the verdicts; the district court denied the motion. Jacob appealed from the criminal judgment.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 29–28–06.

## II

[¶ 5] Jacob argues that the district court erred in denying his Rule 29 motion for a judgment of acquittal because, as a matter of law, there was no evidence to show that he knew he had struck a person with his semi-tractor trailer.

[¶ 6] Because Jacob timely moved for an acquittal under N.D.R.Crim.P. 29, he preserved the issue of sufficiency of the evidence for appellate review. *State v. Steen*, 2000 ND 152, ¶ 16, 615 N.W.2d 555. The standard of review for an appeal based on the sufficiency of the evidence is deferential to the jury's verdict. *State v. Laib*, 2005 ND 191, ¶ 6, 705 N.W.2d 815. "This Court will reverse a conviction on the ground of insufficient evidence only if, after viewing the evidence and all reasonable inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Steen*, at ¶ 17.

[¶ 7] The jury found Jacob guilty under N.D.C.C. § 39–08–04, which provides in part:

1. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop or return with the vehicle as close as possible to the scene of the accident and in every event shall remain at the scene of the accident until that driver has fulfilled the requirements of section 39–08–06 [Duty to give information and render aid]. Every stop required by

this section must be made without obstructing traffic more than is necessary.

2. Any person failing to comply with the requirements of this section under circumstances involving personal injury is guilty of a class A misdemeanor. Any person negligently failing to comply with the requirements of this section under circumstances involving serious personal injury is guilty of a class C felony. *Any person negligently failing to comply with the requirements of this section under circumstances involving death is guilty of a class B felony.*

N.D.C.C. § 39–08–04(1), (2) (emphasis added). Without objection from the State, the jury was instructed that a person acts negligently "if he engages in the conduct in unreasonable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1–02–02(1)(d). Therefore, Jacob's argument that he did not *know* he hit a person does not apply the proper culpability standard provided in N.D.C.C. § 39–08–04.

[¶ 8] Here, the jury heard eyewitness testimony regarding Jacob's actions around his truck before he entered the bar. One witness even testified to having seen part of the decedent's body protruding from beneath the truck before it was run over. The jury heard testimony that Jacob walked around the front of his truck and spent up to 10 minutes outside the truck near the middle of the trailer. After Jacob left the bar, witnesses testified that he stood on the driver's side step and yelled something. Jacob testified that he felt the trailer rock when he backed up the truck and when he drove forward after eventually putting the truck in a forward gear. The autopsy revealed multiple injuries to various parts of the decedent's body rather than a single injury to only one part of the body. A jury could have rationally found from this evidence that the "bump" or "rock" Jacob experienced was more significant than running over a hole in the parking lot. Jacob testified that he made a loop and pulled into the lot across from the bar. If that lot had been rutted or full of bumps or holes, it would have been reasonable for Jacob to have noticed them upon pulling in and parking. Only upon backing up did he feel the bump and then again when he drove back over that same area after shifting the truck into a forward gear. The witnesses' testimony regarding the amount of time Jacob spent around his truck makes the jury's conclusion that Jacob acted negligently by leaving the scene even more reasonable because it seems more likely he would have known a drunk man was in the vicinity and could have been the source of the bump, even if he did not think the man was behind the truck when he backed up. He failed to stop and at least check on his truck, which seems counterintuitive given his testimony about electrical problems he had been having, the age of the truck, and the sloppiness of the transmission. Therefore, the district court properly denied the Rule 29 motion for acquittal.

## III

[¶ 9] Jacob argues that the jury verdict was inconsistent in finding him guilty of leaving the scene of an accident but not guilty of negligent homicide, because both require negligence.

[¶ 10] The standard for reconciling a jury verdict is whether the verdict is legally inconsistent. *State v. Jahner*, 2003 ND 36, ¶ 17, 657 N.W.2d 266; *accord State v. McClary*, 2004 ND 98, ¶ 16, 679 N.W.2d 455 (holding that the jury's acquittal for

murder and conviction for abuse or neglect of a child could be rationally reconciled and did not represent inconsistent verdicts). In *Jahner* we said:

Strict standards of logical consistency need not be applied to jury verdicts in criminal cases. Reconciliation of a verdict, therefore, includes an examination of both the law of the case and the evidence in order to determine whether the verdict is logical and probable and thus consistent, or whether it is perverse and clearly contrary to the evidence.

2003 ND 36, ¶ 19, 657 N.W.2d 266 (internal quotations and citations omitted).

[¶ 11] The district court found that the first element, death, was satisfied without dispute. Therefore, the court correctly framed the issue when it said:

the issue boils down to whether the jury could rationally conclude *both* that the Defendant did *not* engage in conduct which caused the death of Stephen Nelson in unreasonable disregard of the substantial likelihood of the existence of relevant facts or risks ... *and* that the Defendant negligently failed to immediately stop or return with the vehicle ... and provide information and render aid . . . .

(Emphasis in original.)

[¶ 12] Jacob was charged with and acquitted of both murder and the lesser included offense of negligent homicide. *See* N.D.C.C. § 12.1–16–03 ("A person is guilty of a class C felony if he negligently causes the death of another human being."). Jacob was found guilty of leaving the scene of an accident involving death. *See* N.D.C.C. § 39–08–04(2) ("Any person negligently failing to comply with the requirements of this section under circumstances involving death is guilty of a class B felony."). The culpability level for both offenses at issue is "negligently"; however,

the conduct for each offense differs greatly. For negligent homicide, a person must act negligently, causing death. For leaving the scene involving death, a person need only negligently leave an accident scene where a death occurred. Therefore, the jury could have rationally found that Jacob did not negligently cause Nelson's death, but it could have found that Jacob acted negligently by leaving the scene of the accident where Nelson died. This conclusion finds support from Jacob's own testimony that he felt his trailer rock when he backed up to leave and again when he immediately drove forward to exit the lot. The jury could have rationally inferred that Jacob was alerted to the likelihood of an accident at that moment. The jury could have also inferred that Jacob's subsequent conduct reflected that he was aware of that likelihood. The verdicts are not legally inconsistent.

## IV

[¶ 13] Jacob argues for reversal, claiming the district court committed obvious error in instructing the jury.

[¶ 14] The district court must instruct the jury on the law; however, the parties must request and object to specific jury instructions. *State v. Weaver*, 2002 ND 4, ¶ 16, 638 N.W.2d 30. "[A] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." N.D.R.Crim.P 30(c)(1).

When the defendant fails to properly object to a proposed instruction, or fails to specifically request an instruction or object to omission of an instruction, the issue is not adequately preserved for appellate review and our inquiry is limited under N.D.R.Crim.P. 52(b) to wheth-

er the jury instructions constitute obvious error affecting substantial rights. ... In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence, and the burden is upon the defendant to show the alleged error was prejudicial. An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law.

*Weaver*, at ¶¶ 16, 17 (internal citations omitted).

[¶ 15] The district court issued the following instruction for leaving the scene of an accident involving death, to which Jacob failed to object:

> A driver who is involved in an accident resulting in the death of any person and *negligently* fails to immediately stop or return with the vehicle as close as possible to the scene of the accident is guilty of Leaving the Scene of an Accident Involving Death. A driver is required to remain at the scene of the accident until the information required by law is provided and reasonable assistance is given to any injured person.

(Emphasis added.) This language comports with N.D.C.C. § 39–08–04, which provides for the offense of leaving the scene of an accident involving death. The jury asked two questions about their instructions:

1. Can the defendant be found guilty of leaving the scene of accident [sic] ?
2. Does it have to be: "Leaving the scene of an accident involving death."

After conferring with the lawyers, the district court did not answer the questions except to refer the jury back to the instructions. For the first time on appeal, Jacob argues that "the jury's confusion would have been alleviated had it been instructed that the Defendant could only be convicted of leaving the scene of an accident involving death if he knew that the accident involved another person." By that request, Jacob asks this Court to adopt the law of Illinois; however, that state's law expresses no culpability level. *See* 625 Ill. Comp. Stat. Ann. 5/11–401 (West 1992). The Illinois Supreme Court interpreted their statute to require that the defendant know he was involved in an accident involving another person. *People v. Digirolamo*, 179 Ill.2d 24, 227 Ill.Dec. 779, 688 N.E.2d 116, 124 (1997) (holding that "for a conviction under section 11–401, the State must prove that the defendant had knowledge of an accident involving a person"). Therefore, the two statutes' culpability requirements conflict. Knowledge that the accident involved another person is not the standard the North Dakota legislature established. As such, we are not persuaded by the Illinois authority.

[¶ 16] The jury returned a guilty verdict for leaving the scene of an accident involving death. The jury verdict acquitting Jacob of negligent homicide but finding him guilty of leaving the scene involving death demonstrates that the jury instructions properly informed the jury of the applicable law. Therefore, the district court did not obviously err.

V

[¶ 17] We affirm the judgment.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.