2010 ND 90

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael Chris MOE, Defendant and Appellant.**

No. 20090257.

Supreme Court of North Dakota.

May 11, 2010.

Rehearing Denied June 10, 2010.

Nathan Kirke Madden, Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Michael Moe appeals the district court's judgment entering jury verdicts finding him guilty of gross sexual imposition, a class A felony, and not guilty of corruption or solicitation of a minor. We affirm, concluding the verdicts are consistent.

I

[¶ 2] In April 2008, Moe was arrested and charged with gross sexual imposition and corruption or solicitation of a minor. The gross sexual imposition charge related to conduct occurring in the summer of 2006, when Moe was 51 years of age. At that time, Moe was in a residence with 14–year-old Jane Doe, his victim, and Jane Doe's 15–year-old boyfriend. Moe offered Jane Doe $20 to touch her breasts, and Jane Doe agreed. Jane Doe testified Moe touched her bare breasts with both hands for a duration of two minutes, but Jane Doe's boyfriend testified Moe used only one hand to touch a single, covered breast

for a duration of five seconds. When the contact ended, Moe paid Jane Doe $20, and no further sexual contact occurred between the two.

[¶ 3] A jury trial was held on August 17–18, 2009. Both Jane Doe and her boyfriend testified about the alleged touching of Jane Doe's breasts, and both indicated Moe had offered Jane Doe money in exchange for sexual favors on several other occasions. The jury found Moe guilty of gross sexual imposition but not guilty of corruption or solicitation of a minor, and sentencing was postponed pending completion of a pre-sentence report. Moe timely filed this appeal.

## II

[¶ 4] Moe argues his gross sexual imposition conviction should be dismissed because the jury's verdicts are inconsistent. "The standard for reconciling a jury verdict is whether the verdict is legally inconsistent." *State v. Jacob*, 2006 ND 246, ¶ 10, 724 N.W.2d 118 " 'Strict standards of logical consistency need not be applied to jury verdicts in criminal cases.' 'Reconciliation of a verdict, therefore, includes an examination of both the law of the case and the evidence in order to determine whether the verdict is logical and probable and thus consistent, or whether it is perverse and clearly contrary to the evidence.' " *State v. Jahner*, 2003 ND 36, ¶ 19, 657 N.W.2d 266 (internal quotations omitted).

[¶ 5] Moe's touching of Jane Doe's breasts led to the charge of gross sexual imposition. A person is guilty of gross sexual imposition if that person engages in sexual contact with a victim less than fifteen years old. N.D.C.C. § 12.1–20–03(2)(a). Sexual contact "means any touching ... of the sexual or other intimate parts of the person ... for the purpose of arousing or satisfying sexual or

aggressive desires." N.D.C.C. § 12.1–20–02(5). The verdict finding Moe guilty of gross sexual imposition is supported by evidence because testimony from Jane Doe and her boyfriend indicate Moe touched Jane Doe's breasts to satisfy his sexual desires.

[¶ 6] Moe was charged with corruption or solicitation of a minor and for gross sexual imposition in cases that were filed separately, and by separate charging documents. Moe's cases were tried together, but Moe was acquitted on the corruption or solicitation of a minor charge and our record does not contain a copy of the information for that charge. Without this document, it is unknown what conduct led to the charge of corruption or solicitation of a minor. It is irrelevant whether the charged conduct was only the $20 breast-touching offer, as Moe claims, or the $20 offer in addition to other previous offers of money in exchange for sex, as the State claims. Corruption or solicitation of a minor occurs when an adult solicits a minor under the age of fifteen with intent to engage in a sexual act. N.D.C.C. § 12.1–20–05(2). The statutory definition of "sexual act" includes sexual intercourse, but does not include hand-to-breast contact. N.D.C.C. § 12.1–20–02(4). Evidence establishes Moe asked to touch Jane Doe's breasts for $20, but this solicitation does not qualify as criminal corruption or solicitation of a minor because touching a breast is not a "sexual act" as defined by statute. *Id.* While there was some reference at trial to other instances where Moe offered Jane Doe money for sex, which would qualify as criminal corruption or solicitation of a minor, the evidence related to these allegations was scarce, vague and inconsistent. Therefore, the jury's verdict acquitting Moe of corruption or solicitation of a minor was not contrary to the evidence.

[¶ 7] Having determined the jury's verdicts are supported by the evidence, we next consider Moe's argument that the two verdicts are legally inconsistent. "Verdicts are legally inconsistent when proof of the elements of one offense negates a necessary element of another offense." *State v. Coppage*, 2008 ND 134, ¶ 17, 751 N.W.2d 254 (quoting *State v. Cole*, 542 N.W.2d 43, 50 (Minn.1996)). Moe claims his acquittal on the solicitation charge proves he did not offer Jane Doe $20 to touch her breasts, and the alleged breast-touching could not have occurred without a request, so his conviction for gross sexual imposition is legally inconsistent with his acquittal on the solicitation charge. However, the chronology of charged events does not affect the consistency of the jury's verdicts. The conduct required for gross sexual imposition is engaging in sexual contact, while the conduct required for corruption or solicitation of a minor is soliciting with the intent to engage in a sexual act. N.D.C.C. §§ 12.1–20–03(2)(a) and 12.1–20–05(2). The conduct covered by each law can be different. As this case demonstrates, it is possible to engage in sexual contact without first soliciting a sexual act. Here, the jury's verdicts are legally consistent because the charged offenses prohibit and punish different conduct.

### III

[¶ 8] Moe argued in his brief he was entitled to a new trial because the district court reporter failed to record jury voir dire. This issue was withdrawn prior to oral arguments, making further consideration unnecessary.

### IV

[¶ 9] We affirm the district court's judgment, concluding the verdicts entered are legally consistent and not contrary to the evidence.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.