Filed 7/26/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 154

State of North Dakota, Plaintiff and Appellee

v.

Sarah Ann Pavlicek, Defendant and Appellant

No. 20120012

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Dawn M. Deitz, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, ND 58501, for plaintiff and appellee.

Kent M. Morrow, 411 North 4th Street, P.O. Box 2155, Bismarck, ND 58502-

2155, for defendant and appellant.

State v. Pavlicek

No. 20120012

Kapsner, Justice.

[¶1] Sarah Pavlicek appeals from a criminal judgment entered after a jury found her guilty of abuse or neglect of a child.  We affirm.

I

[¶2] Pavlicek lived with her boyfriend, their son, Pavlicek’s daughter from a previous relationship, and L.B., the boyfriend’s daughter from a previous relationship.  In October 2010, a teacher at L.B.’s school received a phone call from Pavlicek regarding a mark on L.B.’s face.  When L.B. arrived at school, the teacher was suspicious of the mark on L.B.’s face and also found bruises on L.B.’s back.  The teacher followed school reporting procedures, and Burleigh County Social Services became involved.  The teacher testified that when Pavlicek arrived at the school to discuss L.B.’s injuries with the staff, Pavlicek did not seem concerned about L.B.

[¶3] The State charged Pavlicek with two counts of abuse or neglect of a child; one count related to L.B.’s facial injury, and the other count pertained to her back injury.  A jury trial was held, at which the teacher testified.  A coworker of Pavlicek’s testified about text messages she received from Pavlicek, in which Pavlicek expressed her negative feelings toward L.B.  The coworker also testified Pavlicek admitted “she had punched [L.B.] in the back.”  The coworker stated Pavlicek told her of admitting the same to a police officer because “it was obvious . . . her fist was marked in [L.B.’s] back, bruised.”  A child protection worker with Burleigh County Social Services testified Pavlicek admitted to hitting L.B. in the back and face, a nurse who examined L.B. testified L.B.’s bruises were caused by “some sort of trauma or force[,]” and a detective with the Bismarck Police Department testified Pavlicek admitted to using a fist and hitting L.B. in the back.

[¶4] Before jury deliberations, Pavlicek argued that, under N.D.C.C. § 12.1-05-

05(1), an individual cannot be convicted of child abuse or neglect unless the force used by the individual upon the child creates a substantial risk of death, serious bodily injury, disfigurement, or gross degradation; Pavlicek asked the court to so instruct the jury, but Pavlicek did not submit her proposed instructions in writing.  The court denied Pavlicek’s request, noting “the jury has to determine whether or not they feel under the circumstances the force used was reasonable.”  Following trial, the jury found Pavlicek not guilty of the count relating to L.B.’s facial injury but guilty of the count relating to L.B.’s back injury.

II

[¶5] On appeal, Pavlicek argues the guilty verdict was not supported by sufficient evidence and claims the jury rendered legally inconsistent verdicts.  Pavlicek also contends the court erred by “refus[ing] to give a proper jury instruction on parental discipline.”

A

[¶6] Pavlicek asserts the guilty verdict was not supported by sufficient evidence.  A highly deferential standard of review applies to appeals challenging the sufficiency of the evidence:

[T]his Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.  The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.  When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . .  A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

State v. Doll
, 2012 ND 32, ¶ 21, 812 N.W.2d 381 (quoting 
State v. Buckley
, 2010 ND 248, ¶ 7, 792 N.W.2d 518).

[¶7] We conclude the evidence presented at Pavlicek’s trial supports the jury’s finding that Pavlicek was guilty of child abuse or neglect by causing bodily injury to L.B.’s back.  L.B.’s teacher testified that Pavlicek called and reported a spot on L.B.’s cheek.  When L.B. arrived at school that day, the teacher stated she observed what “looked like a hand shaped bruise on the small of [L.B.’s] back . . . . Couple of more bruises smaller, maybe nickel size, quarter size above those bruises and then two bruises on either side of the rather large bruise on her back.”  The teacher also testified that when Pavlicek and L.B.’s father arrived at school to speak with her about L.B.’s injuries, “Neither her or [L.B.’s father] were concerned about L.[B.] . . . . They didn’t say a lot to her.  They were very intent on looking through their phone and through their camera trying to find an old picture of the spot that L.[B.] had had previously.”  The teacher stated Pavlicek’s reaction was not typical of a parent in that type of situation, noting Pavlicek’s behavior “was concerning to me.”

[¶8] Pavlicek’s coworker testified about text messages she received from Pavlicek.  The coworker read several of Pavlicek’s text messages to the jury, including the following, which was received before the date of the incident in question:

I’ve thought about life without L.[B.] . . . That kid is a waste of time and money. . . . [N]othing on earth makes me more angry and frustrated than L.[B.]  Even just passing her picture in the hall right now she looks like an evil little demon child. . . . Three and a half more fucking weeks of having L.[B.] with no break.  One of us is going to fucking die.  I can’t fucking take this. . . . L.[B.] is just a giant fucking pain.

The day after the abuse allegedly occurred, the coworker testified Pavlicek sent her a text message stating, “I will be good mommy.  I want to listen mommy.  Too late.  Sorry little bitch.  Too late to be sorry little bitch.”  The coworker stated the message was regarding L.B.’s response “when she got home and got questioned about” the investigation into her injuries.  The coworker also testified about a phone call she received from Pavlicek, in which Pavlicek stated she admitted to police “she had punched [L.B.] in the back.”  The coworker noted, “I asked her why she told the detective that, and she said it was obvious because her fist was marked in [L.B.’s] back, bruised.”

[¶9] A child protection worker with Burleigh County Social Services testified Pavlicek “said she hit [L.B.]  And she said she hit her in the back and the face. . . . She said she used her hands.”  The nurse who examined L.B.’s injuries testified the child’s bruises were caused by “some sort of trauma or force against the skin that the capillaries underneath were caused to break.”  A Bismark Police Department detective testified Pavlicek admitted to him “she used a fist and hit L.B. in the back[.]”  Reviewing the evidence presented at trial, we conclude competent evidence supports the jury’s verdict finding Pavlicek guilty of child abuse or neglect by causing bodily injury to L.B.’s back.

B

[¶10] Pavlicek claims the jury verdicts were legally inconsistent, requiring dismissal of the guilty verdict.  “The standard for reconciling a jury verdict is whether the verdict is legally inconsistent.”  
State v. Moe
, 2010 ND 90, ¶ 4, 782 N.W.2d 624 (quoting 
State v. Jacob
, 2006 ND 246, ¶ 10, 724 N.W.2d 118).  “Reconciliation of a verdict, therefore, includes an examination of both the law of the case and the evidence in order to determine whether the verdict is logical and probable and thus consistent, or whether it is perverse and clearly contrary to the evidence.”  
Id.
 (quoting 
State v. Jahner
, 2003 ND 36, ¶ 19, 657 N.W.2d 266).  “Even if a jury fails to convict a defendant on a charge having a similar element to a charge on which the defendant is convicted, there is no legal inconsistency if there is substantial evidence to support the charge on which he is convicted.”  
Jahner
, at ¶ 21.

[¶11] The State charged Pavlicek with two counts of abuse or neglect of a child under N.D.C.C. § 14-09-22(1)(a), which provides, in relevant part:

a parent, adult family or household member, guardian, or other custodian of any child, who willfully commits any of the following offenses is guilty [of abuse or neglect of the child] . . . :  Inflicts, or allows to be inflicted, upon the child, bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1-01-04 or mental injury.

“Bodily injury” is defined as “any impairment of physical condition, including physical pain.”  N.D.C.C. § 12.1-01-04(4).  The first count against Pavlicek related to “bodily injury to the face of L.B.” while the second count related to “bodily injury to the back of L.B.”

[¶12] The jury found Pavlicek not guilty of the count relating to L.B.’s facial injury but guilty of the count relating to L.B.’s back injury.  The only essential element differing in the counts against Pavlicek was the location of L.B.’s bodily injury.  Pavlicek offers no analysis of the elements of the charges against her, claiming only, “The verdicts on both counts were legally inconsistent so as to require dismissal of the guilty verdict.”  It does not follow that because the jury determined the evidence was insufficient to support a guilty verdict on the count pertaining to L.B.’s facial injury, the evidence was also insufficient for the jury to find Pavlicek guilty of injuring L.B.’s back.  We have stated that, when a jury acquits a defendant of a charge having a similar element to a charge of which a defendant is convicted, the verdicts are not legally inconsistent if substantial evidence supports the conviction.  
Jahner
, 2003 ND 36, ¶ 21, 657 N.W.2d 266.  As established above, substantial evidence supports Pavlicek’s conviction on the count of child abuse or neglect relating to L.B.’s back injury.  We conclude the verdicts in this case are not legally inconsistent.

C

[¶13] Pavlicek argues, “The trial court committed reversible error when it failed to give a proper jury instruction [on] the use of parental discipline.”  Pavlicek claims she was entitled to a jury instruction that she could not be found guilty of child abuse or neglect unless the jury found the force she used against L.B. created a substantial risk of death, serious bodily injury, disfigurement, or gross degradation.  Relying on N.D.C.C. § 12.1-05-05(1), Pavlicek contends the use of force by a parent or person responsible for caring for a minor is “prima facie ‘reasonable’ as long as it does not ‘create a substantial risk of death, serious bodily injury, disfigurement, or gross degradation.’”  At trial, Pavlicek orally requested the court to provide the jury with instructions following her interpretation of N.D.C.C. § 12.1-05-05(1), but Pavlicek did not submit written proposed instructions reflecting her interpretation of the statute.

[¶14] “Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury.”  
Rittenour v. Gibson
, 2003 ND 14, ¶ 15, 656 N.W.2d 691 (quoting 
State v. Olander
, 1998 ND 50, ¶ 18, 575 N.W.2d 658).  “When considering the correctness of jury instructions, we will view them as a whole.”  
Id.
  Regarding challenges to jury instructions, we have stated:

We view the evidence in the light most favorable to a defendant to decide if there is sufficient evidence to support a jury instruction.  A court errs if it refuses to instruct the jury on an issue that has been adequately raised, but the court may refuse to give an instruction that is irrelevant or inapplicable.

State v. Zottnick
, 2011 ND 84, ¶ 6, 796 N.W.2d 666 (citations omitted).

[¶15] Section 12.1-05-05(1), N.D.C.C., provides:

The use of force upon another person is justified under any of the following circumstances:  . . . a parent, guardian, or other person responsible for the care and supervision of a minor . . . may use reasonable force upon the minor for the purpose of safeguarding or promoting the minor’s welfare, including prevention and punishment of the minor’s misconduct, and the maintenance of proper discipline. . . . The force used must not create a substantial risk of death, serious bodily injury, disfigurement, or gross degradation.

Pavlicek essentially argues the final sentence of N.D.C.C. § 12.1-05-05(1) provides an exclusive list of the types of force that are unreasonable under the statute.

[¶16] In 
Simons v. State
, we considered and rejected the same argument, holding:

We do not construe the last sentence [of N.D.C.C. § 12.1-05-05(1)] to be an exclusive listing, but merely a legislative acknowledgment that use of force creating a substantial risk of death, serious bodily injury, disfigurement, or gross degradation is per se unreasonable when purportedly used for disciplinary purposes.  Other degrees of force may be found to constitute unreasonable force under the statute when considering the totality of the circumstances in a particular case.

2011 ND 190, ¶ 19, 803 N.W.2d 587.

[¶17] Pavlicek requested an erroneous instruction regarding use of force under N.D.C.C. § 12.1-05-05(1), and the district court properly allowed the jury to make a reasonableness determination regarding Pavlicek’s use of force against L.B.  Although the instruction sought in this case was an incorrect statement of the law, we note that Pavlicek nonetheless had a duty to submit her proposed instructions to the court in writing, which she failed to do.  We have previously stated proposed jury instructions must be submitted in writing by the requesting party.  
State v. Erickstad
, 2000 ND 202, ¶ 18, 620 N.W.2d 136 (“[I]f a defendant desires a more comprehensive instruction on any point of law than what the trial court has indicated it will give, the defendant must request specific written instructions[.]”); 
State v. Olson
, 356 N.W.2d 110, 114 (N.D. 1984) (“If a defendant desires more comprehensive instructions on any phase of the case, he must submit written instructions with the request that they be given. . . . [I]t [is] counsel’s duty to draft a specific instruction . . . and to submit it to the trial judge.”); 
see also
 N.D.R.Crim.P. 30(a)(1) (“A party may . . . file and furnish to every other party written requests that the court instruct the jury on the law as set forth in the requests.”).  We conclude the jury instructions correctly and adequately informed the jury of the applicable law.

III

[¶18] We hold Pavlicek’s conviction is supported by competent evidence, the jury verdicts are not legally inconsistent, and the court did not err in denying Pavlicek’s requested jury instruction.  We affirm.

[¶19] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.