FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 12, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 7

State of North Dakota,                                    Plaintiff and Appellee

v.

Steven Donald Aune,                                   Defendant and Appellant

## No. 20200159

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kelley M.R. Cole, State's Attorney, Grafton, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

## State v. Aune
## No. 20200159

**McEvers, Justice.**

[¶1]   Steven Donald Aune appeals from a criminal judgment after he was convicted by a jury of manslaughter.   On appeal, Aune argues the jury's verdict was inconsistent and the district court relied on an impermissible sentencing factor, rendering his sentence illegal.   Aune argues his conviction should be reversed or, in the alternative, that his sentence should be reversed.   We affirm.

I

[¶2]   On May 1, 2019, Aune's adult twin daughters were both living at his home.   One of the daughters had been living with Aune for some time, but the other daughter, S.A., had only been staying with Aune for about one week prior to her death.   Aune and S.A. had an argument, and Aune picked up a rifle during the argument, which fired and struck S.A.   Aune did not call 911 or attempt to render any aid to S.A., but he allowed the other daughter to use his pickup to take S.A. to the nearest hospital.   S.A. died as a result of the gunshot wound.

[¶3]   Aune was charged with murder in violation of N.D.C.C. § 12.1-16-01(1)(a) and (b), a class AA felony, defined as intentionally or knowingly causing the death of another human being, or causing the death of another human under circumstances manifesting extreme indifference to the value of human life.   A trial was held with several witnesses testifying. At trial, Aune requested the district court instruct the jury on lesser included offenses of manslaughter and negligent homicide.   Aune testified he had been drinking heavily the night before, that he did not mean to shoot his daughter, and that he typically kept the rifle unloaded with the safety on.   A jury found Aune guilty of manslaughter, a class B felony, on January 22, 2020.   A sentencing hearing was held on June 4, 2020 where the court considered a number of factors in sentencing.   Aune was sentenced to ten years of incarceration. Judgment was entered on June 8, 2020.   Aune timely appealed on June 9, 2020.

[¶4]   Aune argues the jury's guilty verdict on the charge of manslaughter and not guilty on the charge of murder under circumstances manifesting extreme indifference to the value of human life was inconsistent.

[¶5]   "The standard of review for reconciling a jury verdict is whether the verdict is legally inconsistent." *State v. Lehman*, 2010 ND 134, ¶ 17, 785 N.W.2d 204.  This Court has stated an inconsistent verdict is one in which the jury has not followed the district court's instructions and the verdicts cannot be rationally reconciled.  *State v. McClary*, 2004 ND 98, ¶ 6, 679 N.W.2d 455. "Strict standards of logical consistency need not be applied to jury verdicts in criminal cases."  *State v. Jahner*, 2003 ND 36, ¶ 19 657 N.W.2d 266. Reconciliation of a verdict includes an examination of both the law and the case in order to determine whether the verdict is logical and probable, and therefore consistent, or illogical and clearly contrary to the evidence.  *Id.*  "Even if a jury fails to convict a defendant on a charge having a similar element to a charge on which the defendant is convicted, there is no legal inconsistency if there is substantial evidence to support the charge on which he is convicted."  *State v. Pavlicek*, 2012 ND 154, ¶ 10, 819 N.W.2d 521 (quoting *Jahner*, at ¶ 21).

[¶6]   Aune was charged with intentional murder under N.D.C.C. § 12.1-16-01(1)(a), which required the State to prove beyond a reasonable doubt that Aune had intentionally or knowingly caused his daughter's death.  Aune does not argue that the verdict finding him guilty of manslaughter is inconsistent with the verdict finding him not guilty of intentional or knowing murder.  The State also charged Aune in the alternative with murder under N.D.C.C. § 12.1-16-01(1)(b) causing death under circumstances manifesting extreme indifference to the value of human life, which required the State to prove Aune had willfully caused his daughter's death.  The definition of willfully includes the mens reas of intentionally, knowingly, or recklessly committing the offense. Aune argues that the guilty verdict for manslaughter is inconsistent with the not guilty verdict on the extreme indifference murder charge because the culpability for each charge includes recklessly causing the death.

[¶7] "Unchallenged jury instructions become the law of the case." *State v. Coppage*, 2008 ND 134, ¶ 23, 751 N.W.2d 254 (quoting *State v. Rogers*, 2007 ND 68, ¶ 10, 730 N.W.2d 859). Aune did not challenge the substance of the jury instructions in this case, and Aune specifically requested the district court include an instruction on manslaughter.

[¶8] We need not determine if the verdicts were legally inconsistent. We have stated "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v. Rende,* 2018 ND 56, ¶ 9, 907 N.W.2d 361 (quoting *State v. White Bird*, 2015 ND 41, ¶ 23, 858 N.W.2d 642). When Aune requested the district court to instruct on manslaughter as a lesser included offense, and participated in crafting the jury verdict forms, he waived any error. *See Rende*, at ¶¶ 7-9 (discussing three categories of error: forfeited error, waived error, and structural error). Aune may not now seek reversal on a possible error he invited.

## III

[¶9] Aune argues his sentence is illegal because the district court relied on an impermissible factor at sentencing by considering Aune's prior convictions without first ascertaining whether those convictions were uncounseled. Aune does not argue his past convictions were actually uncounseled. Instead, Aune argues the State's failure to provide information to the court about whether Aune's prior convictions were uncounseled "is an invitation to the court to consider an impermissible factor." Aune argues his criminal history was one of the factors relied upon by the court to give a maximum sentence, which indicates that the court relied upon an impermissible factor, making the sentence illegal.

[¶10] This Court's review of a sentence is generally confined to whether the district court acted within the statutory sentencing limits or substantially relied on an impermissible factor. *State v. Gonzalez,* 2011 ND 143, ¶ 6, 799 N.W.2d 402. A trial judge is allowed the widest range of discretion in determining the appropriate criminal sentence. *State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530. This Court has no power to review the discretion of the

sentencing court when the term of imprisonment is within the range authorized by statute.  *Gonzalez,* at ¶ 6.

[¶11] The district court gave Aune a sentence within the limits prescribed by statute.  Aune was convicted of manslaughter, a class B felony, which has a maximum sentence of ten years' incarceration.  N.D.C.C. § 12.1-32-01(3).  Aune was sentenced to serve ten years, the maximum term of incarceration permitted by statute.  We next consider whether the court substantially relied on an impermissible factor.

[¶12] This Court recently considered a strikingly similar argument in *State v. Evanson,* 2020 ND 4.  In *Evanson,* this Court reiterated that when a defendant does not object at sentencing to the introduction of prior convictions, and the prior convictions are not relied upon to enhance a term of incarceration, the appropriate standard of the review is obvious error.  *Evanson* at ¶ 9 (relying on *State v. Henes,* 2009 ND 42, ¶¶ 7-11, 763 N.W.2d 502).  As in *Evanson,* Aune did not object to the introduction of his criminal history at sentencing.

[¶13] Issues raised for the first time on appeal will not be addressed unless the alleged error rises to the level of obvious error.  *Henes*, 2009 ND 42, ¶ 7.  Aune was given the opportunity to object if his criminal history included prior uncounseled convictions when the district court asked Aune's counsel if Aune had received the presentence report, which contained his criminal history.  Instead, Aune's counsel told the court they had received the report and had "no corrections."  Without an objection at the court to preserve the issue or a showing that a substantive error has been made, the proper standard of review is obvious error.  *See Henes*, at ¶ 7.

[¶14] Aune has not argued obvious error on appeal.  When a party fails to argue obvious error, this Court has discretion whether to consider the issue.  *State v. Smith,* 2019 ND 239, ¶ 15, 934 N.W.2d. 1.  Here, the district court imposed the maximum sentence and we will exercise our discretion, and address Aune's argument under obvious error.  This Court notices obvious error "only in exceptional circumstances in which a party has suffered a serious injustice."  *Henes*, 2009 ND 42, ¶ 8.  Under obvious error review, the burden

4

falls on the appellant to establish obvious error by showing: (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502. "To affect substantial rights, a plain error must have been prejudicial, or have affected the outcome of the proceeding." *State v. Wegley*, 2008 ND 4, ¶ 14, 744 N.W.2d 284. The first inquiry under the framework for obvious error is whether an error occurred. *See State v. Thompson*, 2010 ND 10, ¶ 26, 777 N.W.2d 617.

[¶15] Prior uncounseled convictions are considered impermissible factors solely within the narrow context of a sentencing court relying on the factor to enhance the defendant's term of incarceration or subject the defendant to a mandatory minimum. *See, e.g., Henes*, 2009 ND 42, ¶ 12. "A district court enhances a sentence when it increases a defendant's sentence beyond the statutory maximum sentence to another offense level or sentencing range, or under a mandatory sentencing provision because of a subsequent offense." *Id.* at ¶ 11 (statutory citations omitted). Aune did not receive an enhanced sentence, because his sentence was not beyond the statutory maximum, nor were the convictions used to impose a mandatory minimum sentence.

[¶16] Aune cannot establish obvious error, because he has failed to establish an error occurred. Criminal history is a factor that a trial judge should consider to determine the proper sentence. *State v. Woehlhoff*, 473 N.W.2d 446, 450 (N.D. 1991). Section 12.1-32-04(7), N.D.C.C., states that a district court may consider whether the defendant has no history of prior delinquency or criminal history or has led a law abiding life for a substantial period of time before the commission of the present offense. Further, N.D.C.C. § 12.1-32-04(9) provides that a court may consider the defendant's character, history, and attitudes to determine if he or she is likely to commit another offense for sentencing purposes. Aune has not shown that his prior convictions were uncounseled nor was he given an enhanced sentence based upon his criminal history. The record reflects the court considered a number of factors, including Aune's: (1) educational level, with his master's degree in special education; (2) history of chemical dependency, including alcohol and drug usage; (3) significant medical history; (4) failure to abide by terms of probation on previous occasions; and (5) propensity for violence based on his criminal history

and other factors. The record presents no evidence of error in sentencing. Instead, the record shows the court's appropriate consideration of Aune's prior convictions as one of many sentencing factors under N.D.C.C. § 12.1-32-04.

IV

[¶17] We affirm the judgment.

[¶18] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte