# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 34

State of North Dakota,

Plaintiff and Appellee

v.

Timothy John McLaughlin,

Defendant and Appellant

No. 20220252

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Per Curiam.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

William J. Delmore, Bismarck, ND, for defendant and appellant.

**Per Curiam.**

[¶1]   Timothy McLaughlin appeals from a district court's criminal judgment entered after a jury found him guilty of manslaughter and two counts of aggravated reckless driving. The court sentenced McLaughlin to ten years' imprisonment with all but eight years suspended for a period of two years while on supervised probation on the class B felony count of manslaughter, concurrently to 360 days' imprisonment on each count of aggravated reckless driving. On appeal, McLaughlin argues the impact of N.D.C.C. § 12.1-32-09.1(1), which requires him to serve at least eighty-five percent of his sentence, was too harsh and serves as a form of cruel and unusual punishment. McLaughlin provides no legal authority for his argument. A party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit. *State v. Vaagen*, 2020 ND 241, ¶ 9, 950 N.W.2d 768. We summarily affirm under N.D.R.App.P. 35.1(a)(8).

[¶2]   McLaughin also argues his sentence was impermissible because it was too harsh based on the recommendations in his pre-sentence investigation report. "This Court's review of a sentence is generally confined to whether the district court acted within the statutory sentencing limits or substantially relied on an impermissible factor." *State v. Aune*, 2021 ND 7, ¶ 10, 953 N.W.2d 601. The sentencing judge is allowed the widest range of discretion. *Id.* The district court's sentence was within the statutory range of a class B felony. *See* N.D.C.C. § 12.1-32-01(3). McLaughlin does not point to, nor does the record show, the court substantially relied upon an impermissible factor when sentencing McLaughlin. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Daniel S. El-Dweek, D.J.

1

[¶4]   The Honorable Daniel S. El-Dweek, D.J., sitting in place of Bahr, J., disqualified.