# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 146

State of North Dakota,                                    Plaintiff and Appellee

v.

Jordan Jeffrey Juneau,                                Defendant and Appellant

### No. 20230314

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Kathleen K. Murray, State's Attorney, Fessenden, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]    Jordan Juneau appeals a district court judgment entered following a jury verdict finding him guilty of burglary and robbery as defined by N.D.C.C. § 12.1-22-01(2). Juneau was acquitted of attempted murder. Juneau challenges the robbery conviction, arguing the verdict was impermissibly inconsistent by finding him guilty of robbery which requires the use of a dangerous weapon while at the same time, through questions on a special verdict form, finding he had not used a dangerous weapon in the commission of the crime. We affirm Juneau's conviction for burglary and his acquittal for attempted murder, but we reverse and remand for further proceedings on the robbery charge.

I

[¶2]    In December 2021, the State charged Juneau with one count of attempted murder with a dangerous weapon, a class A felony, in violation of N.D.C.C. § 12.1-16-01; one count of robbery with a dangerous weapon, a class A felony, in violation of N.D.C.C. § 12.1-22-01(2); and one count of burglary, a class B felony, in violation of N.D.C.C. § 12.1-22-02.

[¶3]    Following a five-day jury trial, the jury was instructed that to convict Juneau on the robbery charge the State was required to prove beyond a reasonable doubt the following:

> [I]n the course of committing a theft, willfully direct[ed] the force of any dangerous weapon against another person and while doing so willfully inflict[ed] or attempt[ed] to inflict bodily injury upon another person, or willfully threaten[ed] or menace[d] another person with imminent bodily injury[.]

The jury was instructed that the essential elements of the robbery charge included the following:

> 1) On or about November 15, 2021, to December 7, 2021, in Wells County, North Dakota, the Defendant, Jordan Jeffrey Juneau, was engaged in committing a theft;
> 2) In the course of committing the theft, the Defendant willfully directed the force of a dangerous weapon against [the victim]; and

3) While doing so, the Defendant willfully inflicted or attempted to inflict bodily injury upon [the victim], or threatened or menaced [the victim] with imminent bodily injury.

[¶4] The district court also provided the jury a special verdict form relating to the robbery charge, indicating if the jury returned a verdict of guilty, the jury was required to answer the following questions:

(1) whether there is proof beyond a reasonable doubt that, in the commission of the crime, the Defendant . . . used a dangerous weapon; and (2) whether there is proof beyond a reasonable doubt that, in the commission of the crime, the Defendant . . . with a dangerous weapon, inflicted or attempted to inflict bodily injury upon another or threatened or menaced another with imminent bodily injury.

[¶5] The verdict form defined dangerous weapon as "a weapon the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury," or any weapon meeting the requirements in the definitions section of the instructions.

[¶6] The jury returned a verdict finding Juneau not guilty on the charge of attempted murder, guilty of the charge of burglary, and guilty of the crime of robbery. The jury answered "No" to both questions provided for in the special verdict form.

[¶7] Juneau was sentenced in August 2023 for armed robbery, a class A felony, under N.D.C.C. § 12.1-22-01 to a term of 30 years with 10 years suspended, and 86 days credit for time served for robbery. Juneau now appeals his conviction of robbery. Juneau argues there is an inconsistency within the jury verdict finding him guilty of robbery which requires he "willfully directed the force of a dangerous weapon against [the victim]" and the jury findings on the special verdict form that he neither used a dangerous weapon in committing the crime nor, with a dangerous weapon, inflicted or attempted to inflict bodily injury upon another or threatened or menaced another with imminent bodily injury.

II

[¶8] The State contends Juneau failed to properly preserve this issue for appeal, citing Juneau's failure to object at the time of the verdict, make a motion for a new trial, or make a motion for a judgment notwithstanding the verdict.

[¶9] We have consistently held a motion for a new trial is not necessary to preserve issues for appellate review. *State v. Knight*, 2023 ND 130, ¶ 6, 993 N.W.2d 528. The State does

2

not point to a statute, a rule, or supporting case law indicating how and when a defendant is required to object to a jury's verdict for inconsistency, absent a motion for a new trial. We conclude Juneau did not waive his right to appeal.

III

[¶10] Juneau asserts the jury's verdict was inconsistent, as it found him guilty of the charge of armed robbery under N.D.C.C. § 12.1-22-01 while also finding he did not use a dangerous weapon.

> The standard of review for reconciling a jury verdict is whether the verdict is legally inconsistent. This Court has stated an inconsistent verdict is one in which the jury has not followed the district court's instructions and the verdicts cannot be rationally reconciled. Strict standards of logical consistency need not be applied to jury verdicts in criminal cases. Reconciliation of a verdict includes an examination of both the law and the case in order to determine whether the verdict is logical and probable, and therefore consistent, or illogical and clearly contrary to the evidence.

*State v. Aune,* 2021 ND 7, ¶ 5, 953 N.W.2d 601 (cleaned up).

[¶11] The State asserts the verdict is consistent as there is sufficient evidence in the record to find Juneau guilty of robbery, citing our holdings in *McClary* and *Jahner*. *See State v. McClary,* 2004 ND 98, ¶¶ 4, 17, 679 N.W.2d 455 (affirming a jury verdict of guilty on a charge of abuse or neglect of a child while acquitting on felony murder based on this abuse as the defendant admitted to shaking the child, but did not believe the shaking caused death thus the verdicts can be rationally reconciled and are not inconsistent); *State v. Jahner,* 2003 ND 36, ¶¶ 16-21, 657 N.W.2d 266 (affirming a jury verdict of guilty to the charge of reckless endangerment while acquitting him of manslaughter as there was substantial evidence establishing the defendant committed reckless endangerment, even though the jury found the defendant not guilty of manslaughter which also has the element of recklessness).

[¶12] Although the State is correct as to the standard we set in those cases, unlike *McClary* and *Jahner,* in which the verdict on one count is inconsistent with a verdict on another, here there is an internal inconsistency in the same count. In this case, the jury's findings on the special verdict form negate one of the essential elements to the charge of robbery. We conclude our *McClary* and *Jahner* decisions are not controlling in this case.

3

[¶13]   The State also parallels Juneau's case to that of *State v. Holmes*, in which the Washington Court of Appeals determined a verdict finding a defendant guilty of first-degree robbery while acquitting on a deadly weapon enhancement was not irreconcilably inconsistent. 24 P.3d 1118, 1121-22 (Wash. Ct. App. 2001). The *Holmes* case is distinguishable. In *Holmes*, the Washington Court of Appeals determined the instructions defined deadly weapon differently for the robbery charge than for the enhancement, and further concluded the jury could reasonably find the knife used by the defendant could meet the definition of one but not the other. *Id*. at 1121.

[¶14]   Ostensibly applying the holding in *Holmes*, the State asserts the language "the Defendant . . . used a dangerous weapon" as used in the special verdict form is different than the language "directed the force of a dangerous weapon" as used in the instruction for the robbery charge. We disagree.

[¶15]   The term "use" is not defined by N.D.C.C. § 12.1-01-04. As such, this Court looks to the plain, ordinary, and commonly understood meaning of the word to determine its meaning. N.D.C.C. § 1-02-02. "Used" is defined as "to carry out a purpose or action by means of." *Merriam-Webster's Collegiate Dictionary* 1378 (11th ed. 2005). "Force," however, is defined in statute as "physical action." N.D.C.C. § 12.1-01-04(10). The plain meaning of "used a dangerous weapon" is broader and encompasses the act of "directed the force of a dangerous weapon." Because the jury indicated through the special verdict form the State failed to show Juneau "used a dangerous weapon," a broader phrase than "directed the force of a dangerous weapon," they necessarily found the State failed to show Juneau "directed the force of a dangerous weapon." This finding results in an irreconcilable difference between the special verdict form and the jury's verdict of guilty on the robbery charge. We find the reasoning within the *Holmes* decision inapplicable to this case.

[¶16]   We find persuasive the decision in *United States v. Randolph*, in which the Sixth Circuit reversed and remanded a judgment on a charge of drug trafficking and conspiracy. 794 F.3d 602, 613 (6th Cir. 2015). In *Randolph*, the verdict form, as it related to the conspiracy charge, required the jury to find the defendant guilty or not guilty. *Id*. at 607. The jury checked "Guilty." *Id*. The verdict form then instructed the jury that if they answered guilty with respect to the conspiracy charge, they were to indicate in three separate sub-questions the amount of drugs involved in the conspiracy. *Id*. The jury checked "None" in response to each. *Id*. The Sixth Circuit held the jury could not have found the defendant guilty of the conspiracy while simultaneously determining the conspiracy did not involve any drugs, an essential element to the charge. *Id*. at 612.

4

[¶17]  Here, the verdict form and instructions presented to the jury regarding the robbery charge asked the jury to make a finding of whether Juneau was guilty or not guilty of robbery, and instructed if they answered guilty, then they were to answer the two questions regarding a dangerous weapon. The jury marked "No" in response to each. As with the conspiracy charge in *Randolph*, "willfully directed the force of a dangerous weapon against [the victim]" is an essential element of robbery under N.D.C.C. § 12.1-22-01(2). It is inconsistent for the jury to have found Juneau guilty of the robbery under N.D.C.C. § 12.1-22-01(2) while simultaneously determining he did not direct the force of a deadly weapon against the victim.

## IV

[¶18]  We conclude the jury verdict of guilty on the charge of robbery was inconsistent with the jury's findings on the special verdict form related to a dangerous weapon. We affirm the judgment of conviction for the burglary charge and the acquittal for attempted murder. We reverse and remand for further proceedings on the robbery charge.

[¶19]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr